IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 22-cv-390-wmc |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JACQUELINE R. HOWARD, | ) |
| STATE OF WISCONSIN, and | ) |
| PRAIRIE POINTEE CONDOMINIUM | ) |
| ASSOCIATION, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION FOR APPROVAL OF
STIPULATION BETWEEN THE UNITED STATES AND
JACQUELINE R. HOWARD AND FOR AN ENTRY OF FINAL JUDGMENT**

Before the Court is plaintiff United States' Motion for Approval of Stipulation and for an Entry of Final Judgment ("Motion," Doc. 25). Upon consideration of the Motion and for good cause shown, it is hereby ORDERED:

1. The Motion is GRANTED, and the Stipulation (Doc. 24) is APPROVED.

2. Further, it is hereby ORDERED that:

    a. The United States has valid and subsisting federal tax liens, predicated on Jacqueline R. Howard's income tax liabilities for tax years 2005-2017 (totaling $453,700.16, as of February 1, 2022, and which were reduced to judgment in *United States v. Howard*, Case No. 3:21-cv-310 (W.D. Wis.) (Conley, J.)), that as of the dates those liens arose, attached to all property and rights to property of Jacqueline R. Howard, including her interest in

        Prairie Pointe Condominium Unit 2D, located at 1341 Heggen Street, Hudson, Wisconsin, 54016, and also known as parcel 236-1385-00-008 in the Office of the Register of Deeds for St. Croix County, Wisconsin (the "Property");

    b. The United States' federal tax liens referred to above are enforced against the Property;

    c. The Property shall be sold free and clear of the interests of Jacqueline R. Howard, the United States, the State of Wisconsin, and Prairie Pointe Condominium Association subject to further order of the Court.

    d. The proceeds (after payment of the expenses to sell the property) of any sale of the Property shall be distributed in accordance with the judgment of lien priority that the Court entered under Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. 16.)

    e. Within 30 days after the entry of judgment, the United States shall submit to the Court a proposed order to sell the Property by public or private sale (including a sale by a Court-appointed receiver).

3. The United States and Jacqueline R. Howard shall bear their own costs and expenses, including any attorney fees.

4. The United States' pending motion for summary judgment (Doc. 19) is denied without prejudice since it is moot.

The Clerk is directed to enter judgment accordingly.

SO ORDERED this 9th day of May, 2023

William M. Conley
United States District Judge